UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICARDO ALMENTEROS,

                      Plaintiff,

v.

ECKERT, *Superintendent*,

                      Defendant.
_____

**DECISION AND ORDER**

6:22-CV-06236 EAW CDH

## INTRODUCTION

*Pro se* plaintiff Ricardo Almenteros ("Plaintiff"), a prisoner who was previously confined at the Wende Correctional Facility ("Wende"), has asserted a claim of deliberate indifference under 42 U.S.C. § 1983 against Wende Superintendent Stewart Eckert ("Defendant"). (Dkt. 6).

Presently before the Court are Plaintiff's motions to take a written deposition (Dkt. 43) and to compel discovery (Dkt. 44). For the reasons discussed below, Plaintiff's motion to take a written deposition is denied as moot, and Plaintiff's motion to compel discovery is denied.

## BACKGROUND

Plaintiff alleges that on two separate occasions while he was confined at Wende, workers entered his housing unit to remove asbestos, causing dust to fill the air and cover the floors. (Dkt. 6 at ¶¶ 14-15). Plaintiff inhaled the dust on both occasions, which he says caused him to have breathing problems. (*Id.*).

Plaintiff has included documents with his pleading purportedly showing that he submitted grievances in connection with these incidents, and that, when he did not receive a response to his grievances, he appealed in writing to Defendant and others, including the Central Office Review Committee ("CORC"), about his health concerns and the fact that his grievances were not being "processed." (*See* Dkt. 6-1 at 2-14). Plaintiff says that Defendant, despite allegedly receiving these appeals, did not move Plaintiff "out of the unsafe environment." (Dkt. 6 at ¶ 17).

On September 17, 2024, defense counsel notified the Court that he was providing Plaintiff with Plaintiff's certified medical records from January 1, 2021, to the present (totaling more than 2,000 pages) as part of initial disclosures. (Dkt. 29).

On September 26, 2024, Plaintiff served Defendant with a set of document requests, requesting, among other things, a "complaint report," "book entries about the complaint," "any notebook entries from investigator, inspector or specialist about the matter," and "the investigation report about the case." (Dkt. 36 at 2). On October 17, 2024, Plaintiff served Defendant with a set of interrogatories, asking Defendant, among other things: "Can you explain how many times you spoke to plaintiff and if you did it what you and him talking about it?" (Dkt. 37 at 2).

Defendant responded to Plaintiff's document requests on October 29, 2024, stating, in relevant part, that it could not produce several items because "CORC has certified that it has never received a grievance from Plaintiff" and "Defendants are not aware of or in possession of any logbook entries pertaining to his filing the instant lawsuit or his filing a grievance at the facility pertaining to the incident alleged in this

suit." (Dkt. 39 at 4-5). Defendant responded to Plaintiff's interrogatories on October 30, 2024, stating, in relevant part, that Defendant has "no recollection of speaking to Plaintiff about any asbestos-related issues." (Dkt. 42 at 4).

On December 13, 2024, Plaintiff filed the instant motions to take a written deposition and to compel discovery. (Dkt. 43; Dkt. 44). Plaintiff sought to depose Defendant, and stated that he would prefer a written deposition "because [it] is an easy way to do it and . . . Plaintiff considers [it] more convenient for both parties." (Dkt. 43 at 3). In the motion to compel, Plaintiff seeks a court order compelling Defendant to produce medical records that Plaintiff claims were not produced during initial disclosure and additional documents that Plaintiff claims were not produced in response to his document requests. (*See* Dkt. 44). Plaintiff contends that the medical records he has been provided "don't help [him] at all with anything to build [his] case" and that "when something happens they are supposed to do an investigation of the matter and make a report about the complaint," but notes that he "guessed they did not did it anyway." (*Id.* at 4).

Defendant filed a response to Plaintiff's motions on January 31, 2025. (Dkt. 54). Defendant stated that he did not object to a written deposition. (Dkt. 54 at 1). On February 5, 2025, Defendant provided Plaintiff with Defendant's responses to the written deposition questions and filed the responses with the Court. (Dkt. 57).

On the other hand, Defendant has objected to Plaintiff's motion to compel. (Dkt. 54 at 2). Defendant argues that "Plaintiff demands production of documents that do not exist." (*Id.*). More particularly, Defendant notes that Plaintiff does not identify any

- 3 -

documents that are actually missing from his medical record, and that the facility has certified that there is no record of the other documents sought by Plaintiff. (*Id.*).

Plaintiff filed a reply to Defendant's opposition to the motion to compel on January 31, 2025. (Dkt. 56). Plaintiff claims that if the documents do not exist, that means they were destroyed to "hide the truth" that Defendant failed to investigate Plaintiff's complaint about the asbestos removal. (*Id.* at 6-7).

## DISCUSSION

### I. Motion for Written Deposition

Under Federal Rule of Civil Procedure 31(a), a party only requires leave of the Court to depose a person by written questions in certain circumstances, none of which are present here. *See* Fed. R. Civ. P. 31(a)(1)-(2). Further, Defendant stated that he did not object to a deposition by written questions and has now provided Plaintiff with his responses to Plaintiff's written deposition questions. (*See* Dkt. 54 at 1; Dkt. 57). Accordingly, Plaintiff's motion to take a written deposition (Dkt. 43) is denied as moot.

### II. Motion to Compel Discovery

If a party fails to answer an interrogatory under Rule 33 or fails to produce documents under Rule 34, the party seeking discovery may move for an order under Rule 37(a)(3)(B) to compel an answer or production. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).[1]

---

[1] Pursuant to Rule 37(a)(1), a motion to compel discovery generally must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to make discovery. Fed. R. Civ. P. 37(a)(1). While Plaintiff has not included this certification, "courts have discretion in determining a moving party's compliance with Rule 37(a)(1) and generally accord some leeway to *pro se* prisoner litigations in § 1983 cases." *Woodward v. Holtzman*, No. 16-CV-1023A(F), 2018 WL 5112406, at *2 (W.D.N.Y. Oct. 18, 2018). Moreover, "based on the nature of Defendant's opposition that most of Plaintiff's requested documents in dispute cannot

- 4 -

Here, as the Court understands it, Plaintiff is seeking production of his full medical records,[2] a report summarizing an investigation into his "complaint," book entries about "the complaint," and any notebook entries from any investigator, inspector, or specialist about "the matter."[3] (Dkt. 44 at 4-5). Plaintiff also disputes at least one of Defendant's responses to his interrogatories (*see id.* at 7), in which Defendant stated that he had no recollection of speaking to Plaintiff about any asbestos-related issues. (Dkt. 42 at 4).[4]

Regarding an alleged failure to produce documents, "[c]ourts cannot order production of a non-existent document." *Woodward v. Holtzman*, No. 16-CV-1023A(F), 2018 WL 5112406, at *4 (W.D.N.Y. Oct. 18, 2018). "Generally, a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one cannot be required to produce the impossible." *Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016) (quotation omitted); *see also Breedlove v.*

---

be produced because they do not exist . . . it is reasonably clear that further efforts by Plaintiff to resolve the dispute without motion practice would be futile." *Id.*

[2] As noted above, Plaintiff claims that the medical records Defendant disclosed are "incomplete" and "don't help me at all with anything to build my case." (Dkt 44 at 4).

[3] Plaintiff also appears to be seeking the grievance that he sent to CORC, though he did not clearly ask for this in his document request. (*See* Dkt. 36). In any event, Defendant's counsel states that no such document exists, regardless of whether it is characterized as a grievance or complaint. (*See* Dkt. 54 at 2).

[4] Plaintiff also expresses his general dissatisfaction with Defendant's boilerplate objections and Defendant's denials of Plaintiff's requests for admission. The Court does not treat the latter complaint as properly moving to determine the sufficiency of Defendant's answers under Rule 36(a)(6).

*Mandell*, No. 05-CV-6279P, 2008 WL 596864, at *2 (W.D.N.Y. Feb. 29, 2008) (denying motion to compel based on party's representation that there was no record of the documents seeking to be produced). "In the face of a denial by a party that it has possession, custody or control of documents, the discovering party must make an adequate showing to overcome this assertion." *Mason Tenders*, 318 F.R.D. at 42 (quotation omitted). "In other words, [the moving party] must cite to specific evidence to challenge" the opposing party's assertion that no responsive documents exist. *Id.* Absent any such showing, "the Court accepts the representations of counsel." *Hollis v. Dep't of Mental Health,* No. 3:14 CV 00516 (AWT), 2016 WL 1408077, at *6 (D. Conn. Apr. 8, 2016).

Regarding an alleged failure to answer an interrogatory, an adequate answer "must be a complete response to the interrogatory, [as] specific as possible and not evasive." *Trueman v. New York State Canal Corp.*, No. CIV.109-CV-049LEK/RF, 2010 WL 681341, at *3 (N.D.N.Y. Feb. 24, 2010). "The responding party must provide the best answer they can based upon current information in their possession." *Id.* at *2. A response to an interrogatory cannot be challenged on the grounds that the substance of the response is false, unless the movant can prove the alleged falsity. *See Richard v. Dignean,* 332 F.R.D. 450, 459 (W.D.N.Y. 2019). Challenging the veracity of a party's response amounts to a credibility determination, which is not properly resolved in the context of a discovery motion. *See id.*

With respect to Plaintiff's purportedly undisclosed medical records, Defendant's counsel represents that he provided Plaintiff with his complete medical record and notes

that Plaintiff has not identified any specific missing documents. (Dkt. 54 at 2). Since Plaintiff has not specified what is missing, nor given any reason to believe that defense counsel's representations are inaccurate, his request to compel additional medical records is denied.

With respect to the other documents sought, CORC has certified that it has never received a grievance from Plaintiff. (*Id.*; *see* Dkt. 39 at 4-5). Defendant's counsel also represents that no letters from Plaintiff to Defendant about asbestos removal exist. (Dkt. 54 at 2). In short, Defendant's representation is that Wende has no record of *any* document in which Plaintiff raises the issue of asbestos removal, be it in the form of a grievance or a letter of complaint. (*See id.*). Given this representation, it is not facially unbelievable for Defendant to assert that there are no documents related to an investigation into the complaint, no logbook entries about the complaint, and no notebook entries from an investigator, inspector, or specialist about the matter. If, as Defendant claims, no records of Plaintiff's complaints (or grievances) exist, then there was no "matter" to speak of from Defendant's standpoint. Wende staff are unlikely to have investigated a matter they claim to have not been aware of. Plaintiff has not made a showing that any of the documents he is seeking exist beyond his mere assertion that they must exist. That is insufficient. The Court cannot compel production of documents that were never created.

Lastly, with respect to Plaintiff's claim that Defendant failed to answer his interrogatories when stating he had no recollection of speaking to Plaintiff about any asbestos-related issues or concerns, the Court finds that this claim is without merit.

"Plaintiff's challenge . . . boils down to a disagreement with the substance of [Defendant's] answers, but mere disagreement with a response does not establish its falsehood." *Dignean*, 332 F.R.D. at 460 (quotation and original alteration omitted). The Court finds that Defendant's response that he has no recollection of speaking to Plaintiff adequately answered Plaintiff's interrogatory asking Defendant to "explain how many times you spoke to plaintiff and if you did it what you and him talking about it?" (as well as any other interrogatory referencing an alleged conversation between Plaintiff and Defendant). (*See* Dkt. 42 at 4). The fact that "Plaintiff thinks otherwise" (*see* Dkt. 44 at 7) does not warrant an order compelling a different answer.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to take a written deposition (Dkt. 43) is denied as moot, and Plaintiff's motion to compel discovery (Dkt. 44) is denied in its entirety.

**SO ORDERED**.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: Rochester, New York
       March 3, 2025